UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LONG BA NGUYEN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-11-290 |
| | § | |
| BANK OF AMERICA, NA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Pending before the Court are petitioner Moody & Molina's motion for intervention (Doc. No. 20), and the putative class and the plaintiffs Long Ba Nguyen and Lan N. Huynh's response (Doc. No. 27) to the petitioner's motion. Also pending are the petitioner's reply, the plaintiffs' surreply and the petitioner's reply to the plaintiffs' surreply. *See* [Doc. Nos. 28, 29, 30, respectively]. The Court has reviewed the motion, response and replies and determines that the motion to intervene should be denied.

**II.**

By way of factual background, the Court offers the following facts as undisputed, taken from the plaintiffs' and intervenor's pleadings. Long Ba Nguyen, one of the plaintiffs, commenced a suit *pro se* against Bank of America in state court on or about March 26, 2010. In October of 2010, he alone executed a fee agreement with the law firm of Moody & Molina, which then "appeared" in the case as his attorneys. The fee agreement called for a $1,000 retainer fee to be paid upon execution and two additional payments of $1,000 each payable in November and December of 2010. The agreement left open the possibility that additional retainage could be requested as the litigation progressed. In addition to the retainer, the

petitioner was to receive an additional 33 1/3% to 40% fee from "sum(s) collected from any settlement" or "within 90 days of any trial setting."

On or about May 31, 2011, Bank of America made an offer of settlement in the plaintiff's state court case. However, the plaintiff would not accept the offer because the settlement, as presented, meant no cash to the plaintiff and immediate tax consequences based on the manner that the settlement was structured. The plaintiff, therefore, refused the offer and directed the petitioner to make a counter-offer that included cash to the plaintiff.

The petitioner failed and/or refused to present the counter-offer to Bank of America, but asserted a conflict of interest based on an attorneys' fee dispute that arose due to the plaintiff's rejection of the settlement offer. The petitioner was of the view that the conflict would prevent it from continuing its representation. The state court granted the petitioner's motion to withdraw as counsel for the plaintiff. However, on the same day, the petitioner commenced a separate suit within the plaintiffs' state court suit. The trial judge severed the petitioner's claim and assigned a separate case number to the severed suit. On June 24, the petitioner moved for summary judgment on its attorneys fee claim; however, the state court denied the petitioner's motion and thereafter dismissed the plaintiff's suit against Bank of America.

The plaintiff, Long Ba Nguyen, joined by Lan N. Huynh, brought this suit in federal court against Bank of America seeking individual and class certification relief on essentially the same claims as those asserted by him in state court. The petitioner now seeks to intervene in the plaintiffs' federal suit claiming that it is owed an attorney's fee for its services in the state court and protesting that its "work product", from the state suit, is being used without permission.

**III.**

The petitioner further asserts that its interest in the settlement offer made by Bank of America in the state court suit is or will be "jeopardized if it has to pursue its fees in a separate suit," referring to the state court suit. Therefore, the petitioner claims an intervention, as a matter of right, pursuant to Federal Rules of Civil Procedure, Rule 24.

The plaintiffs dispute that the petitioner meets the strictures of Fed.R.Civ.P. 24. Moreover, the plaintiffs argue, the petitioner is not entitled to intervene even by "permissive" intervention because it cannot establish an independent basis for federal jurisdiction. The plaintiffs also argue, without dispute, that Lan N. Huynh was not a party to the fee agreement between Nguyen and the petitioner and that only Paul Moody, one of the petitioners, executed the attorneys fee agreement.

## IV.

There are several facts that are not in dispute of which the Court takes cognizance. First, the petitioner does not seek to intervene by way of permissive intervention. *See* [Fed.R.Civ.P. 24]. Permissive intervention requires that a petitioner allege and establish an independent basis for federal jurisdiction. *See United States v. Union Electric Co.*, 64 F.3d 1152, 1170 (8th Cir. 1995). No independent basis for federal jurisdiction is asserted by the petitioner.

Federal Rules of Civil Procedure, Rule 24(a)(2) provides in relevant part:

(a) On timely motion, the court must permit anyone to intervene who:

• • •

> (2) claims an interest relating to the property or transaction that is the subject of the claim and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,…

Case law interprets this section of Rule 24 to require that an intervenor meet four criteria. *See Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994). *Espy* requires that a petitioner establish that (a) the application is timely; (b) it has an interest in the property, transaction proceeds, the subject of the action; (c) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (d) its interest is inadequately represented by the existing parties to the suit. *Id*. at 1204-05.

## V.

The Court is of the opinion that the petitioner has no interest in the property or transaction that is the subject of this suit; therefore, its motion to intervene must be denied. The crux of the petitioner's motion suggests that it acquired a right to recover an attorneys fee from the plaintiff based on a negotiated settlement between the plaintiff and Bank of America in his state court case. However, and without regard for the merits of the offer of settlement, the plaintiff refused to accept its terms. The effect of this refusal is that no settlement was consummated; therefore, no property interest was acquired pursuant to the terms of the fee agreement. Whether the petitioner has a claim against the plaintiff arising in the state court case as a result of the plaintiff's conduct is a matter to be determined in state court.

By this ruling, the Court does not speak to any equitable relief that the petitioner may be entitled to. What is apparent to the Court is that no legal lien for an attorneys fee ever manifested under the terms of the fee agreement. Under these circumstances, this Court cannot permit a suit within a suit to proceed whereby the petitioner might establish its right of recovery. Supervising litigation between parties over claims that a state court currently has jurisdiction

would be presumptuous on the Court's part. Therefore, the intervenor's motion for intervention is DENIED.

It is so ORDERED.

SIGNED at Houston, Texas this 20th day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge