UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LONG BA NGUYEN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-11-290 |
| | § | |
| BANK OF AMERICA, NA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendant's, Bank of America, N.A., motion to dismiss portions of the plaintiffs' complaint.  [Doc. No.22].  The plaintiffs, Long Ba Nguyen and Lan N. Huynh, have filed a response in opposition to the defendant's motion [Doc. No. 40], and the defendant has filed a reply.  [Doc. No. 43].  The Court, being fully advised, is of the opinion that the defendant's motion should be denied.

### II.

The plaintiffs brought this suit as a class action alleging that the defendant has acted deceptively, unfairly and unreasonably in the manner that it has processed their automatic mortgage payments.  In this regard, the plaintiffs offer that they were customers of the defendant and among customers who have paid their home mortgage according to a plan called the "Pay Plan."   Under this Plan, a customer's mortgage payment is automatically collected from the customer's account on a weekly or bi-monthly basis.  The total of the automatic deductions over the course of a month are to equal the monthly payment.  The plaintiffs contend that although there was an agreed date that each payment would be withdrawn from the plaintiffs' account, the defendant "systematically and persistently withdrew [the plaintiffs'] payment one to five days (or

even more days) later than agreed." As a result, the plaintiffs argue, more interest accrued on the unpaid balance of the plaintiffs' loana. Because this delay resulted in more interest charges, the loan balance was not reduced as agreed. Hence, the plaintiffs assert claims for breach of contract, violations of the Truth in Lending Act (TILA), conversion, negligent misrepresentation, unjust enrichment and seek to establish a nationwide class action.

### III.

In its memorandum in support of its motion to dismiss, the defendant asserts eight bases for the dismissal of the plaintiffs' suit in whole or in part. The defendant's motion to dismiss is based on Federal Rules of Civil Procedure, Rules 12(b)(6), 12(f) and 23(a) and (b). The defendant contends that the Court should dismiss the plaintiffs' suit in full. In the alternative, however, the defendant argues for partial dismissal because: (a) the plaintiffs' tort claims, found in claims 4, 5 and 7 of their pleadings, are barred by the Economic Loss Rule; (b) the plaintiffs' claim 6 is governed by a written contract; (c) the plaintiffs are not consumers, therefore their claim 7 (DTPA claim) is not an actionable claim; (d) the plaintiffs' TILA claim, claim 3 is barred by limitations and lacks merit; (e) the plaintiffs' breach-of-contract claim, associated with the Auto-Draft Pay Plan, cannot form the basis for a valid claim; and (f) the plaintiffs' claims are too individualized to meet the Rule 23 prerequisites for a class action.

The plaintiffs contend that the defendant used the Auto Draft Pay Plan to withdraw funds from the plaintiffs' account that were not due under the terms of the contract. By withdrawing funds later than agreed, argue the plaintiffs, the defendant charged additional interest for its delay and, therefore, unilaterally changed the payment terms resulting in an overpayment of interest. The plaintiffs dispute the defendant's assertion that it erroneously miscalculated the plaintiffs' interest rate. Moreover, the plaintiffs contend the "simple interest miscalculation" excuse is a

scheme that was/is pervasive and systematic. Therefore, the defendant's motion is unmeritorious.

## IV.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to seek dismissal for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*,---U.S.---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but is has not 'show[n]'--'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. 662, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th cir. 1999).

## V.

The defendant's motion to dismiss should be denied. The defendant's own pleading demonstrates that the plaintiffs have asserted cognizable causes of action. The Court points to the defendant's admission that the defendant committed error(s) in its calculation of the interest due on the plaintiffs' note obligations. Whether this conduct was simple error or a scheme to increase the defendant's revenue is yet to be determined. As well, whether the Statute of Limitations applies to part or all of a particular claim is a question that goes to the extent of the plaintiffs' recovery, not whether liability may be established. After all, pleading the Statute of Limitations is simply pleading an affirmative defense to a claim or suit, while acknowledging that the facts, otherwise, support the cause of action. *See Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974) (overruled on other grounds); *see also Jones v. Greming*, 188 F.3d 322, 324 (5th Cir. 1999).  A plaintiff's obligation is to provide the grounds for his claim for recovery; plausibility is the objective, not proof that determines outcome.  *See Ashcroft*, 129 S. Ct. at 1950.

The Court applies that same analysis to the defendant's affirmative defense, the Economic Loss Rule, unavailability of the Discovery Rule, and whether the plaintiffs' claim meets the prerequisite of commonality, typicality, predominance and superiority.  *See* F.R.C.P., Rule 23.  In particular, whether a viable class action claim exists will first be the subject of discovery.  The Court is of the opinion that the plaintiffs' suit is not so fact specific as to exclude the possibility of a class claim for conspiratorious, negligent or fraudulent conduct perpetuated on the defendant's customers by the manner and means that the defendant collected note obligations.  The defendant simply seeks to have *Twombly* and its progeny accomplish what was never intended--a pretrial of the facts of a plaintiff's case via the defendant's defenses to those facts.

Based on the foregoing discussions and analysis, the Court determines that the facts alleged support the causes of action claimed and, therefore, the defendant's motion to dismiss and strike are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas this 6th day of January, 2012.

Kenneth M. Hoyt
United States District Judge